**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: June 30, 2023
Date Decided: July 18, 2023

William M. Alleman, Jr., Esquire
Sean A. Meluney, Esquire
Matthew D. Beebe, Esquire
Meluney Alleman & Spence, LLC
1143 Savannah Road, Suite 3-A
Lewes, Delaware 19958

Catherine A. Gaul, Esquire
Randall J. Teti, Esquire
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801

R. Bruce McNew, Esquire
Cooch and Taylor, P.A.
1000 North West Street, Suite 1500
Wilmington, Delaware 19801

Ronald N. Brown, III, Esquire
Kelly L. Freund, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801

RE:     *Uvaydov v. Fenwick-Smith et al.*,
         C.A. No. 2023-0137-LWW

Dear Counsel:

I write regarding the Lightning Defendants' Motion for Continued Confidential Treatment (the "Motion").[1]  The movants seek an order under Court of Chancery Rule 5.1(b) to continue the confidential treatment of information redacted from the public version of the complaint.  Three non-party petitioners, who are plaintiffs in related federal securities litigation, oppose the Motion.

---

[1] Lightning Defs.' Mot. for Continued Confidential Treatment (Dkt. 15) ("Mot."). The "Lightning Defendants" are listed in the Motion. *See id.* at 1.

After weighing the public right of access against the interests of nominal defendant Lightning eMotors, Inc. ("Lightning"), I conclude that the Motion should be granted with limited exceptions.

## I.     BACKGROUND

This is one of several pending matters concerning the de-SPAC business combination of GigCapital3, Inc. and Lightning's predecessor, Lightning Systems, Inc.  In the present matter, plaintiff Zalmon Uvaydov is pursuing derivative claims for breach of fiduciary duty against the pre- and post-de-SPAC Board of Directors, and for fraud and aiding and abetting breaches of fiduciary duty against Lightning Systems' directors.  He contends that GigCapital3 overpaid for the target and that Lightning's Board "tout[ed] sales prospects that it knew were unachievable."[2]

Uvaydov's Verified Shareholder Derivative Complaint (the "Complaint") was filed on February 6, 2023, with a redacted public version filed three days later.[3]  The Complaint includes material that Uvaydov obtained from Lightning through a books and records demand pursuant to 8 *Del. C.* § 220.

More than a year before the Complaint was filed, David P. Sarro, Kevin L. Tye, and Jess Q. Williams (together, the "Federal Plaintiffs" or the "Petitioners") filed a putative class action in the United States District Court for the District of

---

[2] Verified S'holder Derivative Compl. (Dkt. 1) ("Compl.") ¶ 2.

Colorado (the "Federal Action") against Lightning and certain of the individual defendants here.[4] The claims in the Federal Action are brought under the Securities Act of 1933 and the Securities Exchange Act of 1934. The Federal Action is subject to a discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA").[5]

On March 28, 2023, the parties to this lawsuit, the Federal Action, and another related case engaged in an unsuccessful mediation session.[6] According to the Lightning Defendants, the Federal Plaintiffs subsequently announced an intention to amend their pleading and requested that Lightning provide them with the same books and records given to Uvaydov. Lightning declined because it believes that producing the documents to the Federal Plaintiffs would contravene the PSLRA discovery stay.[7]

---

[3] Public Version of Verified S'holder Derivative Compl. (Dkt. 2).

[4] *Shafer v. Lightning eMotors, Inc.*, *et al.*, No. 1:21-cv-02774-RMR-KLM (D. Colo.).

[5] In addition, a putative class action was filed in this court on August 4, 2021. *Delman v. GigAcquisitions3, LLC*, C.A. No. 2021-0679-LWW (Del. Ch.). Another derivative complaint was filed in the United States District Court for the District of Colorado in February 2023. *Lanham v. Fenwick-Smith, et al.*, No. 1:23-cv-00507-NYW-NRN (D. Colo.).

[6] The Federal Plaintiffs received a copy of the unredacted Complaint during mediation. *See* Suppl. Decl. of Boris Feldman (Dkt. 22) ¶ 2.

[7] *See* Mot. at 5.

On June 8, the Petitioners filed a Notice of Challenge to Confidential Treatment in this court.[8] On June 15, the Lightning Defendants filed the Motion. On June 22, the Petitioners filed an opposition to the Motion.[9] On June 23, the Lightning Defendants moved for leave to file two declarations in reply, which I granted.[10] On June 26, the Lightning Defendants filed two supplemental declarations in further support of the Motion.[11] On June 28, the Petitioners moved for leave to file a sur-reply, which I granted as unopposed.[12] After the Petitioners filed their sur-reply on June 30,[13] I took the Motion under advisement.

## II. ANALYSIS

Court of Chancery Rule 5.1 "was created to accommodate a minor exception to a truism, that in a free and democratic society courts must conduct their business in the open, subject always to scrutiny by the public that these courts serve."[14] The party seeking to maintain confidential treatment "bears the burden of establishing

---

[8] Dkt. 14.

[9] Opp'n to Defs.' Mot. for Continued Confidential Treatment (Dkt. 17) ("Opp'n").

[10] Dkts. 18, 19.

[11] Dkts. 21-22.

[12] Dkt. 24.

[13] Dkt. 27.

[14] *GKC Strategic Value Master Fund, LP v. Baker Hughes Inc.*, 2019 WL 2592574, at *2 (Del. Ch. June 25, 2019).

good cause" for continued confidentiality.[15]  Good cause may exist where "the public interest in access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause."[16]  When confidential treatment is challenged, "the court balances the public and private interests, 'with a tie going to disclosure.'"[17]

Rule 5.1(f) permits "[a]ny person" to challenge the continued confidential treatment of filings in this court.[18]  A challenger's purpose does not affect a party's enduring "duty to designate confidential information under Rule 5.1 [and] ensure that the redacted public document reflects only [the party's] confidentiality interests."[19]  Still, "the court is [not] blind to the challenger's identity or motivations in conducting a Rule 5.1 analysis.  It is a factor that the court can appropriately weigh in its balancing of the public and private interests."[20]

---

[15] Ct. Ch. R. 5.1(b)(3).

[16] Ct. Ch. R. 5.1(b)(2).

[17] *In re Lordstown Motors Corp. S'holders Litig.*, 2022 WL 601120, at *1 (Del. Ch. Feb. 28, 2022) (quoting *GKC Strategic*, 2019 WL 2592574, at *2).

[18] Ct. Ch. R. 5.1(f); *see Cormier v. Burns*, C.A. No. 2021-1049-MTZ, at 3 (Del. Ch. Jan. 24, 2022) (ORDER) ("[T]he mere fact that the movant is a plaintiff subject to a PSLRA stay does not invalidate his Rule 5.1 request.").

[19] *See GKC Strategic*, 2019 WL 2592574, at *6 (explaining that a challenger's motivations are "immaterial" to a party's obligations under Rule 5.1).

[20] *Lordstown*, 2022 WL 601120, at *7.

Although I review the Motion with the public's access right front of mind, I do so with some skepticism. The Petitioners are challenging confidential treatment to generate fodder for an amended complaint in the Federal Action. This is not a public interest.[21] It is creative litigation gamesmanship.[22]

Lightning, for its part, asserts that the redactions do not impair the public's understanding of the claims in this matter. The Complaint contains 31 partial redactions out of 222 paragraphs. According to Lightning, continued confidential treatment for these redactions is warranted to protect it from competitive harm that could result from disclosing its sensitive proprietary or financial material.

The challenged redactions fall into three categories: forward-looking projections, customer identities and orders, and Board recommendations and analyses. I take each in turn.

---

[21] *Cf. Al Jazeera Am., LLC v. AT&T Servs., Inc.*, 2013 WL 5614284, at *5 (Del. Ch. Oct. 14, 2013) (observing that challenges "filed by notable news organizations and reporters demonstrate the public's interest in th[e] litigation"); *see also In re Boeing Co. Deriv. Litig.*, 2021 WL 392851, at *3 (Del. Ch. Feb. 1, 2021) (same); *Sequoia Presidential Yacht Grp. LLC. v. FE P'rs LLC*, 2013 WL 3724946, at *3 (Del. Ch. July 15, 2013) (same).

[22] *See GKC Strategic*, 2019 WL 2592574, at *2 (noting that "gamesmanship" can be taken into account in a Rule 5.1 analysis).

A.    **Forward-Looking Projections**

The bulk of the redactions concern revenue and production projections, forecast to 2025.[23]  The Petitioners argue that the information is "stale" because it "consists of assessments of projection capabilities and customer orders for vehicles already in the market" and "out-of-date financial projections."[24]  But according to a declaration filed by Lightning's Chief Legal Officer and Corporate Secretary Steve Mason, it is not that simple.[25]

Mason's sworn declaration states that the "projections redacted in the Complaint are not stale and their disclosure would cause the Company competitive harm."[26]  "[P]rojections dating from 2020 continue to be sensitive competitive information" since Lightning's "industry is characterized by long sale cycles" with customer orders that take months or years to complete.[27]  Even though Lightning's vehicles are in the market, a competitor could use the redacted information to

---

[23] *See* Compl. ¶¶ 99-100, 102-11, 113-14, 116, 120-21, 123, 128.  Paragraphs 146 to 148 of the Complaint reflect discussions of these projections by the Board and Audit Committee.  *See infra* note 39 and accompanying text.

[24] Opp'n at 6.

[25] Suppl. Decl. of Steve Mason (Dkt. 21) ("Mason Decl.").

[26] *Id.* ¶ 4.

[27] *Id.* ¶¶ 4-5.

"discern Lightning's overall production projections for a given customer" or "how much previously projected revenue and production remain outstanding."[28]

Given this context, revealing the information could cause competitive injury to Lightning. Conversely, the public interest is slight. Lightning did not whitewash the Complaint. Redactions pertaining to projections are—with one exception addressed below[29]—appropriately limited to "precise sales and revenue goals" and Lightning's "anticipated production timeline."[30] An interested reader can readily discern the nature of this action and the purported harms at issue without the disclosure of Lightning's sensitive forward-looking projections.

## B.    Non-Public Customer Identities and Orders

The second category of information concerns non-public customer identities and orders.[31] The Petitioners argue that there is no basis to conclude Lightning's customer relationships would be impaired if revealed.[32] But, as Mason explains, disclosure of confidential customer identities could provide competitors with opportunities to "undercut Lightning's relationships" given the nature of the

---

[28] *Id.* ¶ 5.

[29] *See infra* Order ¶ 2.a (detailing redactions to remain in paragraph 121 of the Complaint).

[30] *Lordstown*, 2022 WL 601120, at *4.

[31] Compl. ¶¶ 103-06, 111, 113-16, 118-20, 128, 158. The Complaint does not redact the names of customers that have been publicly disclosed. *E.g.*, *id.* ¶¶ 106-10.

nascent electric vehicle industry.[33]   The risk of such harm is uncertain, yet meaningful if realized.   It outweighs the minor public interest in knowing Lightning's customer identities.[34]

The Complaint also narrowly redacts information about non-public customer orders (actual and projected) and price terms.[35]  Good cause exists to maintain the confidentiality of this material since disclosure could provide an unfair advantage to third parties in future dealings with Lightning.[36]  "[T]he potential economic harm caused by disclosure" of a price term "outweighs the public interest in accessing that information, largely because knowledge about price terms does not impinge on the public's understanding of the disputes before this Court."[37]  That is

---

[32] Opp'n at 7.

[33] Mason Decl. ¶ 6.

[34] *See Lordstown*, 2022 WL 601120, at *6 (explaining, in the context of an early-stage electric vehicle company, that "good cause exist[ed] to maintain the confidential treatment of customers' identities that are not already in the public mix").

[35] *See* Compl. ¶¶ 103-11, 113, 120, 123, 128.

[36] Mason Decl. ¶ 9.

[37] *Al Jazeera Am.*, 2013 WL 5614284, at *5; *see also In re Oxbow Carbon LLC*, 2016 WL 7323443, at *4 (Del. Ch. Dec. 15, 2016) (finding good cause to maintain confidentiality of prices offered by bidders and their identities); *Mitsubishi Power Sys. Ams., Inc. v. Babcock & Brown Infrastructure Grp. U.S., LLC*, 2013 WL 10215618, at *2 (Del. Ch. Mar. 15, 2013) (ORDER) (holding that pricing and profit-related information qualified for continued confidential treatment under Rule 5.1).

also true for the specifics of customer orders, which are not needed for the public to understand the claims in the Complaint.[38]

### C.    Board Recommendations and Analyses

The final category of information concerns Board-level analyses and discussions.[39]  The public interest in this category is generally stronger than in the other two.  The Complaint alleges that the Board members breached their fiduciary duties and defrauded Lightning by, for example, making public misstatements about Lightning's financial projections, order backlog, and production capabilities. The Board's knowledge of such topics is at the core of this matter.

By and large, though, the allegations about the Board's analyses and deliberations are disclosed in the public version of the Complaint.[40]  The redacted material concerns strategic discussions about revenue and product projections, key customer relationships, and organizational planning.  Disclosure could allow Lightning's competitors to identify Lightning's business development strategies and impair Lightning's market competitiveness.[41]  Narrow redactions of this

---

[38] *See Lordstown*, 2022 WL 601120, at *6.

[39] Compl. ¶¶ 121, 146-51, 157.

[40] *See Lordstown*, 2022 WL 601120, at *4 (cautioning that "general descriptions of board-level summaries" are ineligible for confidential treatment); *Cormier*, C.A. No. 2021-1049-MTZ, at 3 (same).

[41] Mason Decl. ¶¶ 4-7.

specific information do not impede the public's understanding of Uvaydov's contention that Lightning overstated its sales prospects.[42]

A handful of the redactions go farther and sweep in vague generalities discussed by the Board. In my view, these redactions are unnecessary and do little to protect Lightning's legitimate interests in maintaining the confidentiality of its sensitive business information. The redactions that should be lifted in a revised public version of the Complaint are detailed in an Order below.

## III. CONCLUSION

The Motion is granted in part and denied in part. Lightning has shown good cause for continued confidential treatment for most of the challenged information.[43] Several redactions go too far and must be lifted. Lightning is directed to prepare a revised version of the Complaint for public filing consistent with the Order accompanying this decision.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[42] *See GKC Strategic Value Master Fund, LP v. Baker Hughes Inc.*, C.A. No. 2017-0769-SG, at 22-23 (Del. Ch. Feb. 28, 2019) (TRANSCRIPT) (discussing the "pinpoint confidentiality" designations that Rule 5.1 "goes toward").

[43] Having found good cause for continued confidential treatment, I decline to take up the Lightning Defendants' arguments that the Petitioners' challenge violates the PSLRA, intrudes on mediation confidentiality, or runs contrary to 8 *Del. C.* § 220.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ZALMON UVAYDOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2023-0137-LWW |
| | ) | |
| ROBERT FENWICK-SMITH, TIM | ) | |
| REESER, ANDREW COORS, CRAIG | ) | |
| HUTH, HEATH MORRISON, GLEN | ) | |
| PERLMAN, TRENT YANG, AVI KATZ, | ) | |
| RALUCA DINU, NEIL MIOTTO, JOHN | ) | |
| MIKULSKY, ANDREA BETTI- | ) | |
| BERUTTO, PETER WANG, BRUCE | ) | |
| COVENTRY, THADDEUS SENKO, and | ) | |
| DIANA TREMBLAY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LIGHTNING EMOTORS, INC., | ) | |
| | ) | |
| Nominal Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

WHEREAS, on February 6, 2023, plaintiff Zalmon Uvaydov filed a Verified Shareholder Derivative Complaint (the "Complaint") in this action;

WHEREAS, on June 8, 2023, petitioners David P. Sarro, Kevin L. Tye, and Jess Q. Williams filed a notice challenging the confidential treatment of the Complaint;

WHEREAS, on June 15, 2023, certain of the defendants filed a motion for continued confidential treatment (the "Motion");

WHEREAS, the Motion was fully briefed and submitted for decision as of June 30, 2023; and

WHEREAS, on July 18, 2023, the court issued a letter opinion granting the Motion in part and denying it in part;

IT IS HEREBY ORDERED this 18th day of July, 2023, that, for the reasons set forth in the court's July 18, 2023 letter opinion:

1.     The Motion is granted insofar as the redacted information in paragraphs 99-100, 102-11, 113-20, 123, 128, and 158 of the Complaint is entitled to continued confidential treatment.

2.     The Motion is denied insofar as some of the redactions in paragraphs 121, 146-51, and 157 of the Complaint are overbroad and include general descriptions or would seem unlikely to cause competitive harm to Lightning if disclosed.   The following information only is entitled to continued confidential treatment and may remain redacted:

a.     Paragraph 121: Text in the fourth line after "[that]" through and including the remainder of the paragraph.

b.     Paragraph 146:  The dollar figure in the second line.

c.  Paragraph 147:  Text in the second line after "by" through but not including "but" in the third line; text in the fourth line after "from" through but not including "purportedly"; and quoted text in the fifth line.

d.  Paragraph 149:  Quoted text in the third line and the image on page 38.

e.  Paragraph 150: Text in the fourth line after "revised" through the end of that sentence ending on the fourth line.

f.  Paragraph 157:  The images on pages 40 and 41.

3.  For the avoidance of doubt, except as set forth in paragraphs 2(a) to 2(f) above, the redactions in paragraphs 121, 146-151, and 157 must be lifted.

4.  A revised public version of the Complaint consistent with this Order shall be filed within five business days.

_/s/  Lori W. Will_
Lori W. Will
Vice Chancellor